430 A.2d 267

**EASTERN YORK SCHOOL DISTRICT, Appellant,**

v.

**Diana L. LONG.**

Supreme Court of Pennsylvania.

Argued Oct. 15, 1980.

Decided March 13, 1981.

Reargument Denied May 21, 1981.

John W. Thompson, Jr., York, for appellant.

Gerald B. Ruth and W. Burg Anstine, York, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

PER CURIAM:

The Court being equally divided, the Order of the Commonwealth Court, 46 Pa.Cmwlth. 209, 407 A.2d 69, is affirmed.

O'BRIEN, C. J., files an Opinion in Support of Affirmance which NIX and LARSEN, JJ., join.

LARSEN, J., files a separate Opinion in Support of Affirmance.

FLAHERTY, J., files an Opinion in Support of Reversal which ROBERTS and KAUFFMAN, JJ., join.

## OPINION IN SUPPORT OF AFFIRMANCE

O'BRIEN, Chief Justice.

In June, 1975, appellant Diana L. Long was suspended from her position as a tenured English teacher in the Eastern York School District. Following a hearing, the School Board upheld the suspension. On appeal, the Court of Common Pleas of York County ordered Long reinstated without loss of pay and the Commonwealth Court affirmed. We granted the District's petition for allowance of appeal.

Long was suspended after the District, on its own initiative, eliminated a number of elective courses in the English department and abolished certain supervisory positions pursuant to requirements of the Department of Education regarding certification of department heads who performed supervisory duties. This reorganization resulted in a surplus of teachers and Long was suspended on the basis of seniority.

The causes for which tenured professional employees may be suspended are enumerated in § 1124 of the Public School Code, Act of March 10, 1949, P.L. 30, as amended, 24 P.S. § 11–1124. In this case the District maintains that Long was suspended pursuant to subsection (2) of § 1124 which states as follows:

"(2) Curtailment or alteration of the educational program on recommendation of the superintendent, concurred in by the board of school directors, approved by the Department of Public Instruction, as a result of substantial decline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Public Instruction."

Significantly, when the Department of Public Instruction was notified of the District's reorganization, it informed the District by letter that its reorganization was not a "curtailment or alteration" of an educational program. Moreover, at the time of the reorganization, enrollment in the District was actually increasing. In light of these facts, I am persuaded by Long's contention that she was suspended as part of an economy move by the District.

Since the District has not established a cause of suspension under § 1124 which contains the only permissible reasons for which a tenured employee may be suspended, *see Warwick Board of School Directors v. Theros*, 494 Pa. 108, 430 A.2d 268 (Opinion in Support of Affirmance), filed this day, I would affirm the order of the Commonwealth Court reinstating Long with back pay.

NIX and LARSEN, JJ., join in this opinion.

LARSEN, J., files a separate Opinion in Support of Affirmance.

## OPINION IN SUPPORT OF AFFIRMANCE

LARSEN, Justice.

I join in Mr. Chief Justice O'Brien's Opinion in Support of Affirmance. Additionally, I would like to add that the reason the legislature limited suspensions of teachers to the four enumerated situations was for the purpose of maintaining the quality of education. The legislature has wisely recognized that quality education of children is a priority service that must be provided to them both for their benefit and the benefit of our society. *See Walker v. School Dist. of*

*Scranton*, 338 Pa. 104, 12 A.2d 46 (1940) (underlying purpose of Teacher Tenure Act is to achieve fundamental public policy of obtaining best education possible for the children of the Commonwealth) *and Kaplan v. School Dist. of Philadelphia*, 178 Pa.Super. 88, 113 A.2d 164 (1955), aff'd. 388 Pa. 213, 130 A.2d 672 (1957) (intent of general assembly in enacting Teacher Tenure Act, including section 1124, 24 P.S. § 11–1124, is to provide for the welfare of the students by providing them with best education possible). While "economic measures" such as suspending teachers for reasons other than those enumerated in section 1124 can provide financial savings, the General Assembly has determined that such measures are not educationally sound.

### OPINION IN SUPPORT OF REVERSAL

FLAHERTY, Justice.

For the reasons set forth in the Opinion in Support of Reversal this day filed in *Warwick Board of School Directors v. Theros*, 494 Pa. 108, 430 A.2d 268, we would vacate the Order of Commonwealth Court and remand for an adjudication of appellee's claim of improper suspension.

ROBERTS and KAUFFMAN, JJ., join in this Opinion in Support of Reversal.