430 A.2d 274

**LAKE LEHMAN SCHOOL DISTRICT, Appellant,**

v.

**Marilyn CIGARSKI, Thomas Brown, Stephen Placko and William Peters.**

Supreme Court of Pennsylvania.

Argued Oct. 15, 1980.

Decided March 13, 1981.

Reargument Denied May 5, 1981.

120

Peter J. Savage, Wilkes-Barre, for appellant.

Peter J. O'Brien, Mount Pocono, for appellees.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

PER CURIAM:

The Court being equally divided, the Order of the Commonwealth Court is affirmed.

O'BRIEN, C. J., files an Opinion in Support of Affirmance which NIX and LARSEN, JJ., join.

LARSEN, J., files a separate Opinion in Support of Affirmance.

FLAHERTY, J., files an Opinion in Support of Reversal which ROBERTS and KAUFFMAN, JJ., join.

## OPINION IN SUPPORT OF AFFIRMANCE

O'BRIEN, Chief Justice.

During the 1976–1977 school year, the Board of School Directors of the Lake Lehman School District requested its Superintendent to develop a school district reorganization plan. Such a plan was prepared and forwarded to the Department of Public Instruction for approval. The School Board adopted the plan on June 30, 1977. The Department of Public Instruction approved the reorganization on July 5, 1977, advising the Board that the proposed program changes met the mandated curriculum requirements of the School Code and regulations of the State Board. The Department also notified the Board that the proposed changes were not covered by Section 1124 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, § 1124, 24 P.S. § 11–1124, and did not need official departmental approval since they were a local district option within the discretion of the Board.

Pursuant to the reorganization plan, two tenured professional employees and two temporary professional employees were suspended, a German teacher was demoted and a custodian was dismissed. The dismissal and demotion are not involved in this appeal. The suspended employees requested a hearing pursuant to Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. § 11301 et seq. Following the hearing on August 9, 1977, the School Board issued an adjudication sustaining the suspensions.

The employees appealed to the Court of Common Pleas of Luzerne County which affirmed the Board's action and dismissed the appeals. They then appealed to the Commonwealth Court which reversed and remanded the case for entry of an order directing their reinstatement. We granted the District's petition for allowance of appeal.

The District has not established that the employees were suspended pursuant to any of the causes enumerated in Section 1124 of the Public School Code. Since the reorganization in this case was not required by law and did not require approval by the Department of Public Instruction, it did not qualify as an alteration of the District's educational program under subsection (2) of Section 1124. Therefore, for the reasons set forth in *Warwick Board of School Directors v. Theros,* 494 Pa. 108, 430 A.2d 268 (Opinion in Support of Affirmance), filed this day, I would affirm the order of the Commonwealth Court directing reinstatement of the suspended teachers with back pay.

NIX and LARSEN, JJ., join in this opinion.

LARSEN, J., files a separate Opinion in Support of Affirmance.

## OPINION IN SUPPORT OF AFFIRMANCE

LARSEN, Justice.

I join in Mr. Chief Justice O'Brien's Opinion in Support of Affirmance. Additionally, I would like to add that the reason the legislature limited suspensions of teachers to the four enumerated situations was for the purpose of maintaining the quality of education. The legislature has wisely recognized that quality education of children is a priority service that must be provided to them both for their benefit and the benefit of our society. *See Walker v. School Dist. of Scranton,* 338 Pa. 104, 12 A.2d 46 (1940) (underlying purpose of Teacher Tenure Act is to achieve fundamental public policy of obtaining best education possible for the children of the Commonwealth) *and Kaplan v. School Dist. of Philadelphia,* 178 Pa.Super. 88, 113 A.2d 164 (1955), aff'd. 388 Pa. 213, 130 A.2d 672 (1957) (intent of general assembly in enacting Teacher Tenure Act, including section 1124, 24 P.S. § 11–1124, is to provide for the welfare of the students by providing them with best education possible). While "economic measures" such as suspending teachers for reasons other than those enumerated in section 1124 can provide

financial savings, the General Assembly has determined that such measures are not educationally sound.

## OPINION IN SUPPORT OF REVERSAL

FLAHERTY, Justice.

For the reasons set forth in the Opinion in Support of Reversal this day filed in *Warwick Board of School Directors v. Theros*, 494 Pa. 108, 430 A.2d 268, we would reverse the Order of the Commonwealth Court and reinstate the Order of the Court of Common Pleas.

ROBERTS and KAUFFMAN, JJ., join in this Opinion in Support of Reversal.