Richard Mongelluzzo and Frank Toth, Appellants
*v.* School District of Bethel Park, Appellee.

Argued October 8, 1985, before Judges ROGERS and
MACPHAIL, and Senior Judge BLATT, sitting as a panel
of three.

*Stephen H. Jordan,* with him, *Shelley W. Elovitz,
Rothman, Gordon, Foreman and Groudine, P.A.,* for
appellants.

*John R. Johnson,* with him, *A. Bruce Bowden* and *Thomas S. Giotto, Buchanan, Ingersoll Professional Corporation,* for appellee.

OPINION BY JUDGE MACPHAIL, December 18, 1985:

Richard Mongelluzzo and Frank Toth (Appellants) appeal from an order of the Court of Common Pleas of Allegheny County affirming the adjudication of the School District of Bethel Park (School District) suspending them from their teaching positions pursuant to Sections 1124 and 1125.1 of the Public School Code of 1949 (Code).[1] We affirm.

The relevant facts are not in dispute, inasmuch as they were stipulated to by the parties in the proceedings before the Board of School Directors. (R.R. 2a-7a). There was a substantial decrease in overall pupil enrollment in the Bethel Park School District from the 1979-80 school year through the 1983-84 school year. Appellants were suspended for the 1983-84 school year. The suspensions were the result of the School District's elimination of its Driver Education program and the alteration and/or curtailment of its Industrial Arts program through the elimination of all photography courses effective with the beginning of the 1983-84 school year. Pupil enrollment in the Driver Education program had not substantially declined and the enrollment in the various photography courses decreased from 215 in the 1979-80 school year to 199 in the 1982-83 school year.

The relevant portion of Section 1124 of the Code reads:

> Any board of school directors may suspend the necessary number of professional employes, for any of the causes hereinafter enumerated:

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§11-1124 and 11-1125.1.

(1) Substantial decrease in pupil enrollment in the school district;

(2) Curtailment or alteration of the educational program on recommendation of the superintendent, concurred in by the board of school directors, approved by the Department of Public Instruction, as a result of substantial decline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Public Instruction[.][2]

Appellants assert that because the Driver Education and Industrial Arts programs were curtailed or altered, the School District could only suspend them if approval for the program changes had been obtained from the Department of Education[3] and if the suspensions were a result of a substantial decline in class or course enrollments. The School District counters by asserting that, in order to invoke the provisions of Section 1124, it need only show a substantial decrease in the overall pupil enrollments.

Where, as here, the common pleas court has taken no additional evidence, our scope of review is limited to a determination of whether the School District abused its discretion, committed an error of law, or violated the employees' constitutional rights, and whether the School District's findings of facts are supported by substantial evidence. *Rosen v. Montgomery County Intermediate Unit No. 23*, 90 Pa. Commonwealth Ct. 335, 495 A.2d 217 (1985). Hence, the only issue we must determine is whether or not the School

---

[2] 24 P.S. §11-1124.

[3] The Department of Education succeeded to the duties and powers of the Department of Public Instruction pursuant to Section 1 of the Act of July 23, 1969, P.L. 181, 71 P.S. §1037.

District committed an error of law when it determined that inasmuch as there was a substantial decrease in overall pupil enrollment, it could suspend Appellants without regard to the provisions of Subsection 1124 (2).

There is no question that the School District experienced a substantial decrease in overall pupil enrollment.[4] It did not, however, experience a decrease in the programs taught by Appellants. As a response to the declining enrollment, the School District decided it would be best to cut 23 positions, including all of the Driver Education and Photography teaching positions. Once a substantial decline in overall enrollment has been shown, a school board should have the discretion to decide in what programs it would be best to cut teaching positions.

The issue involved here has never been directly addressed by this Court. The Court of Common Pleas of Allegheny County did consider a similar situation in *Arnold v. Board of School Directors, School District of Pittsburgh*, 131 P.L.J. 434 (1982). There, a Head Start Program teacher challenged her suspension. The school district had experienced a substantial decrease in enrollment. The teacher argued that she was improperly suspended because the enrollment in the Head Start Program had not declined. The Court said:

[4] The parties stipulated to such in the proceedings before the Board of School Directors. (Stipulation No. 1, R.R. 2a). Further, apart from the stipulation, there was evidence presented to indicate that enrollment district-wide decreased from 6,319 for the 1979-80 school year to 5,676 in the 1982-83 school year. (R.R. 8a). This is a substantial decrease for purposes of Section 1124(1) of the Code. *Andresky v. West Allegheny School District*, 63 Pa. Commonwealth Ct. 222, 437 A.2d 1075 (1981) ; *Platko v. Laurel Highlands School District*, 49 Pa. Commonwealth Ct. 210, 410 A.2d 960 (1980) ; *Phillippi v. School District of Springfield Township*, 28 Pa. Commonwealth Ct. 185, 367 A.2d 1133 (1977).

Appellant's argument that the enrollment of the Head Start Program remained the same may be accurate, but is immaterial. The Board has absolute authority to suspend its extra employees upon a finding of decline in student enrollment in the District, regardless of the enrollment in particular programs.

*Id.* at 435.

It is implicit in the statutory scheme that the School District has such discretion. The School District need only show that the suspensions were based on any one of the causes permitted by the Code. *Platko.* The language of Subsection 1124(1) puts no restrictions on the School District's discretion once it shows that it has experienced a decline in pupil enrollment. Subsection 1124(2) applies only when there has been no overall decline but where there has been a decline in enrollments in a particular course or a program change.[5] In these situations, approval of the Department of Education is required.

In the case at bar, we are clearly under Subsection (1). There was a substantial decline in enrollment, and the School District clearly expressed it was proceeding under Subsection (1). In such an instance, neither a decrease in a particular class enrollment nor approval of the Department of Education need be shown. School districts must have the flexibility in such situations to decide where personnel cuts should occur with due regard to the overall educational program. In this case, the School District decided it was

---

[5] Where there has been both a decline in overall enrollments and enrollments in a particular class or course, a School District would presumably be able to proceed under either Subsection (1) or Subsection (2). We are not required to decide that issue today, however.

better to cut Appellants' positions than others it felt were more necessary.[6]

The School District proceeded properly in suspending Appellants. As such, the common pleas court's order affirming the School District's adjudication must be upheld.

## ORDER

The order of the Court of Common Pleas of Allegheny County denying Appellants' appeal from their suspensions by the School District of Bethel Park is affirmed.

---

[6] Appellants also argue that the School District could not, under the rules of the Department of Education, eliminate the Driver Education Porgram and then suspend the Driver Education teachers. Appellants cite to a portion of Basic Education Circular 12-80 promulgated by the Department of Education and entered into evidence in the proceedings before the Board of School Directors:

In addition to the above required instruction, the following are recommended areas of instruction which once offered by a district may not be eliminated in any request to curtail or to alter educational programs . . . .

| Items | Authority |
|-------|-----------|
| Driver Education | Section 1519 School Code |

(R.R. 69a).

However, it is made clear earlier in the circular that the circular applies only to suspensions pursuant to Subsection 1124(2) of the Code:

The other sections of 1124, namely subparagraphs (1), (3) and (4) do not require department approval and therefore shall not be commented upon here.

(R.R. 60a). Because the School District proceeded under Subsection 1124(1) of the Code, it was not required to request to curtail or alter educational programs. Basic Education Circular 12-80 does not apply.