513 A.2d 1093

Glendale School District, Appellant *v.* John Feigh, Appellee.

Argued June 13, 1986, before Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Richard J. Green, Jr.,* for appellant.

*William A. Hebe, Spencer, Gleason & Hebe,* for appellee.

OPINION BY JUDGE MACPHAIL, August 7, 1986:

Glendale School District (School District) appeals from an order of the Court of Common Pleas of Cambria County which reversed the decision of its Board of School Directors (Board) suspending John Feigh (Appellee) from his position as a music instructor pursuant to Section 1124 of the Public School Code of 1949 (Code).[1] We reverse.

In June of 1984, the superintendent of the School District met with members of the Board and recommended the curtailment of various school programs in order to deal with an anticipated budgetary deficit. On June 27, 1984, the Board, acting upon the superintendent's recommendations, approved curtailment of the elementary music program by eliminating the elementary instrumental music part of that program. The superintendent thereupon requested approval of the Board decision from the Department of Education (Department) which was granted.[2] On July 2, 1984, the

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1124. A "suspension" in the context of Section 1124 of the Code is actually a furlough. *Norwin School District v. Chlodney*, 37 Pa. Commonwealth Ct. 284, 390 A.2d 328 (1978). Moreover, the term "does not carry with it the connotation of a suspension for cause, but rather is a personnel action taken because of a lack of or a redistribution of work." *Northeastern Educational Intermediate Unit No. 19. v. Stephens*, 98 Pa. Commonwealth Ct. 127, 130, 510 A.2d 1267, 1270 (1986).

[2] In the letter granting approval of the superintendent's request, the Department stated in relevant part:

Upon examination of your request, it appears that this action is justified under Section 1124(2) because the [music program] . . . is not mandated and the change is in conformity with the standards of organization required by law.

With this approval to change your program, you will continue to be in compliance with the provisions of the

superintendent informed Appellee by letter that as a result of the elimination of the music program, Appellee was to be suspended immediately from his teaching position.[3]

A hearing was held before the Board which affirmed Appellee's suspension. The trial court reversed,[4] reasoning that Appellee was suspended for reasons other than those permitted by Section 1124 of the Code.[5] We disagree.

Public School Code of 1949, as amended, and Chapter 5 of 22 Pa. Code.

Please understand that the department is not approving the furloughing of specific employees from their positions. This approval is restricted to curtailment and/or alteration of your educational program. Any furloughing of professional staff which may occur as a result of this curtailment and/or alteration should be accomplished by following the provisions of Section 1125.1 of the Public School Code and the advice of your local solicitor.

R.R. at 76a. Appellee appears to suggest that the last paragraph in someway negates the Department's initial approval of the superintendent's request. We agree with the School District that the paragraph is merely a disclaimer of responsibility and notice to the School District to comply with the pertinent Code provision in the event of a resulting suspension.

[3] The letter went on to explain that the instructor of the elementary music program had opted to take Appellee's position as music instructor of the secondary music program on the basis of the instructor's seniority.

[4] Where the trial court has taken no additional evidence, our review is limited to determining whether the School District's adjudication is in accordance with the law, whether its findings are supported by substantial evidence and whether it violated any constitutional rights or abused its discretion. *Mongelluzzo v. School District of Bethel Park*, 93 Pa. Commonwealth Ct. 557, 503 A.2d 63 (1985).

[5] The trial judge found as a fact that the elementary instrumental music program was eliminated as a means of making up in part for a budget deficit. He then concluded that the program was not eliminated to conform with standards of reorganization or edu-

Section 1124 of the Code states in pertinent part:

Any board of school directors may suspend the necessary number of professional employes, for any of the causes hereinafter enumerated:

. . . .

(2) Curtailment or alteration of the educational program on recommendation of the superintendent, concurred in by the board of school directors, approved by the Department of Public Instruction, as a result of substantial decline in class or course enrollments or *to conform with*

---

cational activities required by law or recommended by the Department. This conclusion, of course, is at variance with the letter of approval sent by the Department to the School District. It is this approval letter which is critical to our decision in this case because it distinguishes it from prior cases of this Court and our Supreme Court relied upon by Appellee.

In reaching its conclusion, the trial court relied upon *Eastern York School District v. Long,* 494 Pa. 105, 430 A.2d 267 (1981); *Warwick Board of School Directors v. Theros,* 494 Pa. 108, 430 A.2d 268 (1981); *Lake Lehman School District v. Cigarski,* 494 Pa. 119, 430 A.2d 274 (1981); *Cumberland-Perry Area Vocational Technical School Joint Operating Committee v. Brinser,* 494 Pa. 193, 430 A.2d 276 (1981). We note initially that all these decisions were decided by an equally divided Supreme Court and therefore are not controlling but are of persuasive value. *See Cianfrani v. State Employees' Retirement Board,* 78 Pa. Commonwealth Ct. 597, 468 A.2d 1151 (1983), *aff'd* 505 Pa. 294, 479 A.2d 468 (1984). Moreover, they are distinguishable from the case *sub judice* in that in none of the cases was the teacher's suspension the result of the curtailment of an educational program. *See Sporie v. Eastern Westmoreland Area Vocational-Technical School,* 47 Pa. Commonwealth Ct. 390, 397 n.6, 408 A.2d 888, 892 n.6 (1979). Furthermore, in *Long* and *Cigarski,* the Department advised the School Board that its proposed changes were not covered by Section 1124 of the Code. We agree with the School Board that these cases simply stand for the proposition that a school board may not suspend a teacher under Section 1124 for financial reasons without establishing any of the causes for suspension enumerated in this section.

*standards of organization or educational activities required by law* or recommended by the Department of Instruction[.] (Emphasis added.)

In *Sporie v. Eastern Westmoreland Area Vocational-Technical School*, 47 Pa. Commonwealth Ct. 390, 408 A.2d 888 (1979), we held that where a school board eliminated a school program in accordance with a recommended curriculum change, the suspension of a teacher as a result thereof was "required by law." We cautioned, however, that the burden was upon the school board to establish that the suspension was motivated by a desire to provide a more efficient and effective school system and that "a department may not be abolished merely to circumvent the [tenure provisions] and to accomplish the dismissal of a teacher for political or arbitrary reasons by unlawful subterfuge." *Id*. at 396, 408 A.2d at 892 *(quoting Ehret v. Kulpmont Borough School District*, 333 Pa. 518, 528, 5 A.2d 188, 193 (1939)).

In *Cadonic v. Northern Area Special Purpose Schools*, 57 Pa. Commonwealth Ct. 42, 426 A.2d 186 (1981), we held that the school board had met its burden under *Sporie* where it established that the teacher's suspension was necessitated by the elimination of a guidance counsellor program owing to a decrease in federal funding and there was no evidence of an ulterior motive to circumvent the teacher tenure provisions of the Code.

Similarly, in *Rosen v. Montgomery County Intermediate Unit No. 23*, 90 Pa. Commonwealth Ct. 335, 495 A.2d 217 (1985), we recognized that a suspension precipitated by "economically motivated curriculum reorganization" would provide a basis for a teacher's suspension under Section 1124(2) of the Code, 24 P.S. §11-

1124(2), provided the school board had complied with the procedural requirements of the subsection.

In the case before us there is no dispute that the School District's elimination of its elementary instrumental music program was the result of its attempt to find an efficient means for dealing with the School District's severe economic difficulties. While the School District could not suspend Appellee solely for financial reasons, it could, with the approval of the Department, eliminate a non-mandated program for financial reasons. When that occurs, the provisions of Section 1124(2) become operative. Here, inasmuch as Appellee has not alleged any improper motive for his suspension and the substantive and procedural requirements of Section 1124(2) have been met, we are constrained to reverse the trial court and affirm the adjudication of the Board.

ORDER

The order of the Court of Common Pleas of Cambria County is reversed.

Judge COLINS dissents.