645 A.2d 336

### COLONIAL EDUCATION ASSOCIATION and Patricia Lieberman, Appellants,

v.

### COLONIAL SCHOOL DISTRICT.

Commonwealth Court of Pennsylvania.

Argued May 9, 1994.

Decided June 22, 1994.

A. Martin Herring, for appellants.

Francis P. O'Hara, for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Prior to the commencement of the 1990–91 school year, the Colonial School Board (Board) suspended Patricia Lieberman, a part-time health and physical education teacher, due to declining student enrollment in the Colonial School District (District). Lieberman requested a hearing before the Board, following which the Board sustained Lieberman's suspension. Lieberman and the Colonial Education Association (collectively, Association) appealed to the Court of Common Pleas of Montgomery County (trial court) which dismissed their petition for review.

The Association now appeals to this court [1] and asks us to determine whether the Board properly suspended Lieberman based on a substantial decrease in student enrollment. [2] We reverse the trial court's order.

The Board based Lieberman's suspension on a 58% student enrollment decrease over an eighteen year period, having found the District's enrollment declined from 8,634 students in 1972–73 to 3,661 students in 1989–90. Neither party contests this long-term enrollment decline. However, the Association maintains that an enrollment decrease did not occur in the year the Board suspended Lieberman. Furthermore, the Association contends that section 1124 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 11–1124, [3] prohibits the Board from sus-

---

**1.** Our scope of review is limited by section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b). We are required to affirm the action of the Board unless we find a violation of Lieberman's constitutional rights, an error of law or manifest abuse of discretion by the Board, or that any necessary finding of fact made by the Board is not supported by substantial evidence. *See Gabriel v. Trinity Area School Dist.,* 22 Pa.Commonwealth Ct. 620, 350 A.2d 203 (1976).

**2.** Lieberman's "Statement of Questions Involved" includes the following two issues, which we have consolidated into the issue on appeal: (1) whether the suspension of Lieberman was based on declining enrollment and (2) whether the evidence presented showed a substantial decline in pupil enrollment.

**3.** § 11–1124. **Causes for suspension**

Any board of school directors may suspend the necessary number of professional employes, for any of the causes hereinafter enumerated:

(1) Substantial decrease in pupil enrollment in the school district;

(2) Curtailment or alteration of the educational program on recommendation of the superintendent, concurred in by the board of school directors, approved by the Department of Public Instruction, as a result of substantial decline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Public Instruction;

(3) Consolidation of schools, whether within a single district, through a merger of districts, or as a result of joint board agreements, when such consolidation makes it unnecessary to retain the full staff of professional employes.

(4) When new school districts are established as the result of reorganization of school districts pursuant to Article II., subdivision

pending a teacher when, as was the case here, enrollment was projected to increase. On the other hand, the District argues that the Board has the discretion to determine the substantiality of an enrollment decrease and asserts that the eighteen year enrollment decrease is sufficiently substantial to justify Lieberman's suspension.[4]

■ Section 1124(1) of the Code empowers a school board to suspend professional employees where necessitated by a "substantial decrease in pupil enrollment." Moreover, a school board's determination that a decrease is so substantial as to justify a suspension will not be disturbed on appeal unless the board abused its discretion or where the action was a misconception of law or ignorance of facts. *Phillippi v. School Dist. of Springfield Township*, 28 Pa.Commonwealth Ct. 185, 367 A.2d 1133 (1977).

■ There are two means by which the Board can prove a substantial decrease in enrollment to justify Lieberman's suspension. First, the Board may present evidence of a general, cumulative enrollment decline over a reasonably justifiable period of time.[5] *E.g., Phillippi.* Second, the Board may present evidence of a decrease in enrollment from one year to the next that is so prominent as to not require the inclusion of the statistics of additional years. *E.g., Tressler v. Upper Dublin School Dist.*, 30 Pa.Commonwealth Ct. 171, 373 A.2d 755 (1977). Here, the District failed to establish that the Board properly based Lieberman's suspension on a substantial decrease through either standard.[6]

(i) of this act, and when such reorganization makes it unnecessary to retain the full staff of professional employes.

4. The District argues that the Board could have suspended Lieberman when enrollment was decreasing yearly. This, however, is irrelevant. Although the statement may be true, it has no bearing on the fact that the Board suspended Lieberman in 1990, when enrollment had *increased* from the previous year.

5. Such a decline can include an enrollment increase as long as a cumulative decrease in pupil population over a reasonable time period occurs.

6. Section 1124 of the Code provides grounds for removal of a professional employee. Therefore, in order to suspend Lieberman, the Dis-

■ Because the student population increased in the year prior to Lieberman's suspension, the Board attempted to justify the suspension under the first standard; however, the District failed to provide us with any justification for the Board's use of an eighteen year review period.[7] Without any justification, use of such an excessively long period of time is unreasonable with regard to the time standards we have previously found acceptable.[8] Because the District has failed to provide us with a reasonable basis for considering the eighteen year time span, we cannot accept such an arbitrary period.[9]

trict must bring this matter within the language of section 1124. *Somerset Area School Dist. v. Starenchak,* 143 Pa.Commonwealth Ct. 401, 599 A.2d 252 (1991); *cf. Glendale School Dist. v. Feigh,* 99 Pa.Commonwealth Ct. 470, 513 A.2d 1093 (1986), *appeal denied,* 515 Pa. 587, 527 A.2d 547 (1987) (board has burden to establish that a suspension is proper under section 1124 of the Code and is not being used to circumvent the tenure provisions).

7. The Board's Finding of Fact No. 3 states that the 1972–73 school year enrollment figures constituted the District's peak enrollment.

8. We have previously permitted boards to view decreases in enrollment over a period of years to determine substantiality. Time standards we have previously accepted as reasonable from districts comparable in size to the District include seven years, *Platko v. Laurel Highlands School Dist.,* 49 Pa.Commonwealth Ct. 210, 410 A.2d 960 (1980), five years, *Andresky v. West Allegheny School Dist.,* 63 Pa.Commonwealth Ct. 222, 437 A.2d 1075 (1981), *Phillippi,* three years, *Mongelluzzo v. School District of Bethel Park,* 93 Pa.Commonwealth Ct. 557, 503 A.2d 63 (1985), and two years, *Tressler.*

In *Smith v. Board of School Directors of Harmony Area School Dist.,* 16 Pa.Commonwealth Ct. 175, 328 A.2d 883 (1974), we allowed the board of the Harmony Area School District (Harmony) to view a general progressive decline over a ten year period; however, Harmony had a student population of only 610 students and a decrease of 16% of the student population over that ten year period. We held that such a decrease might not be "substantial" as a percentage of the total pupil population in other districts, but it was certainly substantial enough to justify the teachers' suspensions in Harmony.

9. The District failed to offer relevant factors that would render such a time period for reviewing an enrollment decrease reasonable. Additionally, the District failed to suggest any other reasonable time period for reviewing the District's enrollment decrease. Although we have never recommended a reasonable number of years that a board may use to determine such a general progressive decrease in enrollment, we have permitted boards that govern districts comparable in size to the

Therefore, the Board erred in suspending Lieberman because the Board abused its discretion in viewing the decrease in enrollment over a period of eighteen years and failed to provide evidence of a substantial decrease in student enrollment over a reasonable, justifiable time period. Accordingly, we reverse the trial court's order and direct the Board to reinstate Lieberman to her former position with back pay, seniority, and benefits.

## *ORDER*

AND NOW, this 22nd day of June, 1994, the order of the Court of Common Pleas of Montgomery County, dated August 20, 1993, is reversed, and the Colonial School Board is directed

District to review progressive declines, at most, over a seven year period. *E.g., Platko.*

Because the record provides us with comparative enrollment figures from both the Department of Education and the District for a period of five years only, we have analyzed the enrollment figures for that five year period here:

| School Year | Dep't of Ed.* | District ** |
|---|---|---|
| 1985–86 | 3727 | 3682 |
| 1986–87 | 3655 | 3582 |
| 1987–88 | 3619 | 3575 |
| 1988–89 | 3522 | 3438 |
| 1989–90 | 3590 | 3464 |
| 1990–91 (projected) | 3644 | 3497 |

* The Department of Education's figures include Kindergarten and non-graded special education students.
** The District's figures do not include Kindergarten students.

The District's figures indicate that student enrollment decreased by 185 students, or by 5% over a five year period; however, the Department's figures show a decrease of only 83 students, or 2%, over that same period. We have never held that such a small decline in student enrollment has constituted a substantial decrease. In *Phillippi,* we held that a decrease of 12% of the student population over a five year period was substantial; in *Platko,* 13% over seven years; in *Andresky,* 11% over five years; and in *Mongelluzzo,* 10% over three years. In *Tressler,* we held that a 2% decrease of the student population over two years was substantial; however, *Tressler* is inapplicable here because the District actually had an increase in student enrollment from 1988–89 to 1989–90. *See Smith.*

to reinstate Lieberman to her former position with back pay, seniority, and benefits.

PELLEGRINI, J., concurs in the result only.