Steven **BACHAK**, Appellant,

v.

**LAKELAND SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued May 11, 1995.
Decided June 15, 1995.
Publication Ordered Sept. 21, 1995.

Charles L. Herring, for appellant.

James A. Kelly, for appellee.

Before FRIEDMAN and NEWMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

Steven Bachak appeals from an order of the Court of Common Pleas of Lackawanna County (trial court) affirming his suspension by the Lakeland School Board (Board). We reverse.

Prior to the commencement of the 1993–94 school year, the Board suspended Bachak, a tenured English teacher, due to declining student enrollment in the Lakeland School District (District). Bachak requested a hearing before the Board, after which the Board sustained Bachak's suspension. Bachak appealed to the trial court which dismissed his petition for review.

Bachak now appeals to this court [1] arguing that because the District's student enroll- ment did not substantially decrease over a reasonable period of time, the Board violated section 1124 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 11–1124,[2] in suspending his employment.[3]

The Board based Bachak's suspension on a 20% student enrollment decrease over a ten year period, having found the District's enrollment declined from 2002 students in 1981–82 to 1606 students in 1991–92. Neither party contests this long-term enrollment decline. However, Bachak maintains that an enrollment decrease did not occur in the year that the Board suspended him. Furthermore, he contends that section 1124 of the Code prohibits the Board from suspending him based on such an unreasonable and arbitrary time period. On the other hand, the Board argues that it used a reasonable and justifiable time period in calculating a substantial decrease in student enrollment and thereby is justified in suspending Bachak.

Section 1124(1) of the Code empowers a school board to suspend professional employees where necessitated by a "substantial decrease in pupil enrollment." Moreover, a school board's determination that a decrease is so substantial as to justify a suspension will not be disturbed on appeal unless the board abused its discretion or where the

---

1. Our scope of review is limited by section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b). We are required to affirm the action of the Board unless we find a violation of Bachak's constitutional rights, an error of law or manifest abuse of discretion by the Board, or that any necessary finding of fact made by the Board is not supported by substantial evidence. *Colonial Educ. Ass'n v. Colonial Sch. Dist.,* 165 Pa.Commonwealth Ct. 286, 645 A.2d 336, *appeal denied,* 539 Pa. 696, 653 A.2d 1234 (1994).

2. This section provides that:

    Any board of school directors may suspend the necessary number of professional employes, for any of the causes hereinafter enumerated:

    (1) *Substantial decrease in pupil enrollment in the school district;*

    (2) Curtailment or alteration of the education program on recommendation of the superintendent, concurred in by the board of school directors, approved by the Department of Public Instruction, as a result of substantial de- cline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Public Instruction;

    (3) Consolidation of schools, whether within a single district, through a merger of districts, or as a result of joint board agreements, when such consolidation makes it unnecessary to retain the full staff of professional employes.

    (4) When new school districts are established as the result of reorganization of school districts pursuant to Article II, subdivision (i) of this act, and when such reorganization makes it unnecessary to retain the full staff of professional employes.

    24 P.S. § 11–1124 (emphasis added).

3. Bachak also proffered two other arguments: (1) the Board actually suspended him as a result of a teacher surplus and (2) the Board violated his due process rights by commingling prosecutorial and adjudicatory functions. However, due to our disposition of his first issue, we need not address Bachak's additional arguments.

board's action was the result of a misconception of law or ignorance of facts. *Colonial Educ. Ass'n v. Colonial Sch. Dist.*, 165 Pa.Commonwealth Ct. 286, 645 A.2d 336, *appeal denied*, 539 Pa. 696, 653 A.2d 1234 (1994).

■ There are two means by which the Board can prove a substantial decrease in enrollment to justify Bachak's suspension. First, the Board may present evidence of a general, cumulative enrollment decline over a reasonably justifiable period of time. Such a decline can include an enrollment increase, like here, as long as a cumulative decrease in pupil population over a reasonable time period occurs. Second, the Board may present evidence of a decrease in enrollment from one year to the next that is so prominent as to not require the inclusion of the statistics of additional years. *Id.* Here, the District failed to establish that the Board properly based Bachak's suspension on a substantial decrease through either standard.

Because the student population increased in the year prior to Bachak's suspension, the Board attempted to justify the suspension under the first standard; however, the District failed to provide any reasonable justification for the Board's use of the ten year review period. Without any justification, use of such an excessively long period of time is unreasonable with regard to the time standards this court has previously found acceptable.[4] Indeed, the Board's choice of the ten year period is particularly problematic here where it used figures from 1981 through 1991 to justify suspending Bachak in 1993.[5]

The District claims that its use of a ten year time period is reasonable based on our decision in *Smith v. Board of School Directors of Harmony Area School Dist.*, 16 Pa.Commonwealth Ct. 175, 328 A.2d 883 (1974). In *Smith,* we allowed the board of the Harmony Area School District (Harmony) to view a general progressive decline over a ten year period; however, Harmony had a student population of only 610 students and a decrease of 16% of the student population over that ten year period. We held that such a decrease might not be "substantial" as a percentage of the total pupil population in other districts, but it was certainly substantial enough to justify the teachers' suspensions in Harmony.

However, *Smith* is inapplicable here. First, we note that the District is twice the size of Harmony. Although we have never limited the number of years which a board may consider reasonable in determining that a general progressive decrease in enrollment exists, we have permitted boards that govern larger districts to review progressive declines, at most, over a seven year period. The District's figures indicate that student enrollment decreased by 76 students, or by 4.4% over a seven year period.[6] (R.R. at 49–52.) We have never held that such a small decline in student enrollment has constituted a substantial decrease. In *Phillippi v. School Dist. of Springfield Township,* 28 Pa.Commonwealth Ct. 185, 367 A.2d 1133 (1977), we held that a decrease of 12% of the student population over a five year period was substantial; in *Platko v. Laurel High-*

---

**4.** We have previously permitted boards to view decreases in enrollment over a reasonable period of years to determine substantiality. For example, we have deemed reasonable periods of seven years, *Platko v. Laurel Highlands School Dist.,* 49 Pa.Commonwealth Ct. 210, 410 A.2d 960 (1980), five years, *Andresky v. West Allegheny School Dist.,* 63 Pa.Commonwealth Ct. 222, 437 A.2d 1075 (1981), *Phillippi v. School Dist. of Springfield Township,* 28 Pa.Commonwealth Ct. 185, 367 A.2d 1133 (1977), three years, *Mongelluzzo v. School District of Bethel Park,* 93 Pa.Commonwealth Ct. 557, 503 A.2d 63 (1985), and two years, *Tressler v. Upper Dublin School Dist.,* 30 Pa.Commonwealth Ct. 171, 373 A.2d 755 (1977).

**5.** In fact, if we calculate the enrollment decrease from the 1981–82 school year through the year

Bachak was suspended, i.e., 1993–94, the percent enrollment decrease drops from the 20% asserted by the District to 18%. Although an 18% decrease may justify a teacher's suspension, the District must base its figures on a reasonable time period. That is not the case here.

**6.** The District's enrollment figures are as follows:

| School Year | Total Enrollment |
| --- | --- |
| 1987–88 | 1714 |
| 1988–89 | 1696 |
| 1989–90 | 1612 |
| 1990–91 | 1606 |
| 1991–92 | 1631 |
| 1992–93 | 1663 |
| 1993–94 | 1638 |

*lands School Dist.*, 49 Pa.Commonwealth Ct. 210, 410 A.2d 960 (1980), 13% over seven years; in *Andresky v. West Allegheny School Dist.*, 63 Pa.Commonwealth Ct. 222, 437 A.2d 1075 (1981), 11% over five years; and in *Mongelluzzo v. School District of Bethel Park*, 93 Pa.Commonwealth Ct. 557, 503 A.2d 63 (1985), 10% over three years. In *Tressler v. Upper Dublin School Dist.*, 30 Pa.Commonwealth Ct. 171, 373 A.2d 755 (1977), we held that a 2% decrease of the student population over two years was substantial; however, *Tressler* is inapplicable because here the District actually had a cumulative increase in student enrollment from 1991–92 to 1993–94. *See Smith.* Moreover, unlike the conditions in Harmony, here there was not a progressive decline in student enrollment. But, in fact, the District experienced an increase in student population in the two years prior to Bachak's suspensions.

The District also attempts to offer relevant factors that would render its use of the ten year period to calculate the substantial enrollment decrease reasonable, stating that "[t]he decision of the District to basically use the period between 1981 and 1991 upon which to support the suspension of Bachak was necessitated by the facts confronting the District, which can not be masked by the sabbatical leaves taken in the 1991–92 and 1992–93 school years." (District's brief at 10.) However, the fact that teachers took sabbatical leaves in the 1991–92 and 1992–93 school years has no bearing on student enrollment figures. Thus, because the District has failed to provide us with a reasonable basis for considering the ten year time span, we cannot accept such an arbitrary period.

Here, the Board abused its discretion because it viewed the decrease in enrollment over a period of ten years, excluding the enrollment figures for the three school years prior to Bachak's suspension, and because it failed to provide evidence of a substantial decrease in student enrollment over a reasonable, justifiable time period.

Accordingly, we reverse the trial court's order and direct the Board to reinstate Bachak to his former position with back pay, seniority and benefits.

*ORDER*

AND NOW, this 15th day of June, 1995, the order of the Court of Common Pleas of Lackawanna County, dated October 28, 1994, is reversed, and the Lakeland School Board is directed to reinstate Steven Bachak to his former position with back pay, seniority and benefits.