Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellant *v.* Neshaminy School District, Appellee.

378

Argued April 4, 1979, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers, Blatt, Craig and MacPhail. Judges Mencer and DiSalle, did not participate.

*Larry J. Rappoport*, with him *James L. Crawford*, for appellant.

*Miriam Reimel*, for appellee.

Opinion by Judge Wilkinson, Jr., June 15, 1979:

In this case the Pennsylvania Labor Relations Board (Board) appeals a decision of the Court of Common Pleas of Bucks County sustaining the appeal of Neshaminy School District (District) from the Board's final order directing the District to process a grievance filed by Dr. U. Frank Rago, a professional employee. We affirm.

We must once again consider the proper relationship between the Public Employe Relations Act[1] and the Public School Code of 1949 (Code).[2] A novel as-

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.101 et seq.

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §1-101 et seq.

pect of that relationship is presented by the present factual setting, *i.e.* may one continue, for purposes of a single injury, the pursuit of a separate administrative remedy in the face of a binding adjudication rendered by another administrative unit?

From the chronology of events set out in the opinion for the court below we have selected the following as most significant:

May 25, 1976—Neshaminy passed resolution demoting Dr. U. Frank Rago (among others) from Instructional Media Coordinator to the position of classroom teacher.

June 2, 1976—Rago signed and returned notice requesting hearing before School Board.

November 30, 1976—Hearing held before Board after delays occasioned by other continuances.

March 7, 1977—Opinion of Board rendered, formalizing its decision.

March 15, 1977—Appeal filed by Rago to Pennsylvania Department of Education.

July 12, 1977—Opinion and Order entered by Secretary of Education sustaining action of School Board in demoting Rago for economic reasons.

No appeal was taken by Dr. Rago from the Secretary of Education's final adjudication. The following events occurred while the foregoing process of review was proceeding:

June 8, 1976—[Six days after request for School Board hearing]. Rago signed grievance statement seeking re-appointment to the position as Coordinator of Instructional Media for the 1976-77 school year.

June 11, 1976—Grievance denied as not a grievable issue and not a violation of collective

bargaining agreement since matter was being adjudicated under Public School Code.

November 29, 1976—[One day prior to scheduled School Board Hearing]—charge of unfair practice filed by Union under Section 1201(a)(5) of Public Employe Relations Act.

January 20, 1977—Hearing held before Examiner.

April 28, 1977—[One day after scheduled hearing before Department of Education] PLRB enters Nisi Decision and Order concluding that Neshaminy's refusal to process grievance was unfair labor practice and directing it to process grievance.

September 1, 1977—Exceptions dismissed by PLRB. Nisi Decision and Order made final.

Preliminarily it should be understood that the provisions of the Code which address themselves to the facts of this case are clearly applicable. Section 4-1 of the collective bargaining agreement provided, "Nothing contained herein shall supersede the provisions of the School Laws of Pennsylvania, 1949, as amended or any other applicable laws and regulations." Governing the demotion of a professional employee, Section 1151 of the Code, 24 P.S. §11-1151, provides pertinently:

[T]here shall be no demotion of any professional employe either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe.

Dr. Rago pursued the appeal process provided by the Code to conclusion when he failed to appeal the de-

cision of the Secretary of Education. Section 1132 of the Code, 24 P.S. §11-1132, states very specifically, "The ruling or decision of the Secretary of Education shall be final, unless, an appeal is taken in accordance with the provisions of the act of June 4, 1945 (P.L. 1388, No. 442), known as the 'Administrative Agency Law.'"[3] At the time the Secretary of Education's decision became final and unappealable all parties including the Board became bound thereby. The intolerable situation which would be posed by a contrary decision in this case was noted in Judge BODLEY's opinion for the lower court:

> In this case were Neshaminy required to follow the direction of PLRB and process the grievance, it may safely be presumed that it would find no merit in the grievance. But Rago would again appeal to PLRB which would then be called upon to decide the case on the merits. It is not unreasonable to speculate that PLRB might reach a decision contrary to that already reached by the Secretary of Education. An appeal from that decision to this Court[4] would once again put us squarely in the position we are now in; that is to say, we would be called upon to determine whether or not the unappealed from decision of the Secretary of Education is final and conclusive of the issue.

> Moreover, were we to sanction such dual pursuit of remedy, and were PLRB in this case to arrive at the same conclusion theretofore reached by the Secretary of Education, Rago would then be afforded an appeal to this Court,

---

[3] Appeal procedure in a situation such as this is now governed by Section 5571 of the Judicial Code, 42 Pa. C.S. §5571.

[4] Again the reference here is to the repealed Administrative Agency Law and is governed by provisions of the Judicial Code. *See* note 3 *supra.*

on the merits, from a decision identical with that of the Secretary of Education, which under Section 1132 of the School Code, is pronounced to have been 'final' in the absence of an appeal therefrom.

One final point raised by the Board must be dealt with briefly. It is argued by the Board that the receipt of certain testimony and documentary evidence relating to the review process pursued by Dr. Rago under the Code and his subsequent failure to appeal the decision of the Secretary of Education constituted reversible error. The crucial fact—that no appeal was taken—is a matter of record. If any error is discernible from the record in this case it most certainly was no more than harmless error.

Accordingly, we will enter the following

ORDER

AND Now, June 15, 1979, the order of the Court of Common Pleas of Bucks County, dated June 7, 1978, at CIVIL ACTION—LAW No. 77-9244-04-6 is hereby affirmed.

---

CONCURRING OPINION BY JUDGE CRAIG:

I am in agreement with the decision of the majority here, primarily on the basis that, with two alternative remedies available,[1] the employee is limited to the one remedy which he elected and pursued to its conclusion.

I believe it well to note that language in a collective bargaining agreement referring to the Public School Code in terms like those of Section 4-1 of the collective bargaining agreement in this case (quoted in the ma-

---

[1] Section 11-1151 of the Public School Code, Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §11-1151, which, as noted in the majority opinion, governs the demotion here, incorporates the Code's procedures and standards on dismissals, §§11-1127—11-1129, embodying in essence the same "just cause" standard as that which was expressed in the collective bargaining agreement in this case.

jority opinion) does not cause the statutory remedy—the one elected here—to be exclusive, as against the option to pursue grievance arbitration under the agreement. With collective bargaining agreement language similar to that involved here, the alternative remedies remain available. *Rylke v. Portage Area School District*, 473 Pa. 481, 375 A.2d 692 (1977).