Katherine Husted, Appellant *v.* Canton Area School District and Canton Area Board of Education, Appellees.

Argued February 2, 1983, before Judges Rogers, Blatt and Craig, sitting as a panel of three.

*William F. Donovan, Novak and Donovan,* for appellant.

*William A. Jones,* with him *John Gerard Devlin,* of counsel: *Spencer, Sherr, Moses & Zuckerman, P.C.,* for appellees.

OPINION BY JUDGE ROGERS, April 12, 1983:

The factual and procedural background of this appeal may be stated as follows. In April, 1973 the parties entered into a written contract by which appellant Katherine Husted became a temporary professional employee of the appellee Canton Area School District. The stated term of the contract is two years. Twenty-two months later, following the receipt by Ms. Husted of an unsatisfactory rating of her performance as a classroom teacher, the appellant was notified that the Board had voted to terminate her employment. The appellant then requested and was granted a hearing on the matter of her dismissal pursuant to the Local Agency Law, 2 Pa. C. S. §551 et seq. During the course of a number of Board sessions between May, 1975 and October, 1975 evidence and argument were adduced on the matter of the appellant's performance as a teacher; and on November 13, 1975, the Board issued a written decision confirming the dismissal.

Ms. Husted appealed from this adjudication to the Court of Common Pleas of Lycoming County. Although the record related to this appeal is not before us, we are told that the appellant argued that the hearing before the Board was tainted primarily by improper conduct of the Board's solicitor. By a consent Order entered on April 19, 1976 the parties agreed that the previous adjudication of the Board was invalid and that the record be remanded to the Board for a new hearing. During the course of a number of sessions of the Board between January 17, 1977 and November 15, 1977 a rehearing of the matter of the appellant's dismissal was conducted. A second written decision, including detailed findings of fact and conclusions of law, again confirming the dismissal, was entered by the Board on December 28, 1977.

Two days later, on December 30, 1977, the appellant pursued two paths to relief—a second Local Agency

Law appeal to the Lycoming County Common Pleas Court and, in the same Court, an action in assumpsit alleging a breach by the School Board and District of her temporary professional employee contract. The School District responded to the assumpsit action by the filing of a preliminary objection asserting the pendency of the Local Agency Law appeal. On April 17, 1978 the trial Court entered an Order sustaining the District's preliminary objection and staying the assumpsit action.

We are told that judgment in favor of the defendant School District was ultimately entered with respect to the Local Agency Law appeal and that appellate review of that decision by Ms. Husted was never sought. However, on January 31, 1981, the appellant filed a Praecipe intended to accomplish the restoration to the trial list of her cause of action in assumpsit. The trial court then denied the School District's Petition for a Rule to Show Cause by which it was asserted that the adverse and unappealed final judgment in the Local Agency Law appeal precluded litigation of the assumpsit claim. No appeal or cross-appeal by the District from this order last described has been pursued.

An evidentiary hearing was then conducted by the Common Pleas Court sitting without a jury and evidence was adduced relevant to the matter of the amount of wages the appellant would have received from the school district had she remained employed during the period prior to the December 28, 1977 adjudication by the Board reconfirming her dismissal. Argument by the appellant before the trial Court and renewed on the occasion of this appeal consists of the assertion that Section 553 of the Local Agency Law, 2 Pa. C. S. §553 requires that the matter of the dismissal of a temporary professional employee be the subject of a full adversial proceeding before that employee may be removed from the payroll and that this

provision additionally requires an award of back-pay in the case of a temporary professional employee dismissed and removed from the payroll and then granted a post-termination hearing even if the effect of subsequent litigation is to affirm the propriety and legality of the dismissal. The trial court rejected this contention and in an order dated November 24, 1981, entered judgment for the defendant school district.

Before addressing the issues briefed and argued, we are compelled to explore briefly some considerations which would appear to be of great importance in deciding this case but which have not been preserved or presented by the parties. First, despite the denomination of the instant action as one in assumpsit, only passing reference is made to the contract of employment and no provision of that contract is discussed much less relied on by the appellant. Instead, as we have indicated, the whole of the legal analysis has been directed to the issue of the requirements of the Local Agency Law—an issue that ought to have been fully explored in the context of the appellant's Local Agency Law appeal. The doctrines of res adjudicata, election of remedies, and impermissible splitting of causes of action all would seem to forbid a discharged teacher from accomplishing that which was here accomplished—full litigation of the propriety of the discharge in the Local Agency Law forum, (a forum sufficiently broad in scope to permit reliance on contractual rights and recovery of back-pay contractual damages) and, when that litigation was ultimately unsuccessful, relitigation of the issue of the procedural requirements of the Local Agency Law and the necessity of a back-pay award under the guise of an assumpsit action. *See e.g. PLRB v. Neshaminy School District,* 43 Pa. Commonwealth Ct. 377, 403 A.2d 1003 (1979) (demoted professional employee could not pursue both an appeal under the Public School Code to the Secre-

tary of Education and the grievance procedure created by the applicable collective bargaining agreement).

On this record, we cannot know whether the issue of the procedural requirements of the Local Agency Law in the case of the dismissal of a temporary professional employee was presented in that forum. However, it is difficult to imagine that the issue was not presented and it certainly could have and ought to have been there litigated and the fundamental rule is that a prior judgment on the merits is conclusive not only as to those issues actually raised but as to those also which might have been raised but were omitted. *Bearoff v. Bearoff Bros., Inc.*, 458 Pa. 494, 327 A.2d 72 (1974); *Duquesne Light Co. v. Pittsburgh Railways Co.*, 413 Pa. 1, 194 A.2d 319 (1963); *cert. denied*, 377 U.S. 924.

Second, no action *ex contractu* was here properly laid. Ms. Husted's employment contract is included in the record but, as we have indicated, the appellant does not refer to, much less rely on, a single provision contained in that instrument. Moreover, from our examination of the instrument it is clear that no contractual duty was here violated by the Board—the contract requiring procedurally only that notice of any unsatisfactory rating be furnished to Ms. Husted within ten days of the issuance of the rating. It is not alleged that this procedural requirement was violated.

Finally, even if, as the appellant argues, the Local Agency Law requires the reinstatement of a temporary professional employee discharged prior to a full evidentiary hearing, the appropriate forum for and timing of an application for such relief by the discharged employee, it seems to us, would be by means of an action in mandamus seeking reinstatement within a reasonable period following the allegedly wrongful conduct of the school board. Here, so far as we are told, the appellant for about three years complained only

that her discharge was invalid because her unsatisfactory rating was defective. The appellant did not seek reinstatement until the matter of the legality of her discharge had been finally decided against her. During the intervening period the appellant performed no duties for the school district. It seems absurd to contend, as the appellant contends, that this Court should now require the school district to pay her over $26,-000.00 in wages, representing a period subsequent both to her *lawful* discharge and to the stated term of her contract of employment, during which period the appellant never sought reinstatement and performed no services for the employer.

Were it properly before us, any of the considerations briefly described above might constitute our *ratio decidendi* for refusing the appellant's prayer for relief. However, the only issue preserved and presented by the parties on the occasion of this appeal is that of whether the Local Agency Law requires the discharge of a temporary professional employee on account of an unsatisfactory rating to be preceded by a full evidentiary hearing.[1] We hold that it does not! In *Andresky v. West Allegheny School District*, 63 Pa. Commonwealth Ct. 222, 437 A.2d 1075 (1981) we held that no prior hearing is required in the case of the

---

[1] The appellant cites several cases for the proposition that the United States Constitution requires a prior hearing. *See e.g. Skehan v. Board of Trustees of Bloomsburg State College*, 501 F.2d 32 (3d Cir. 1974) *vacated and remanded on other issues*, 421 U.S. 983 (1975). We are at a loss to discern the function of this asserted principle in the context of this assumpsit action. It would seem that the requirements of the Constitution must be litigated either in an action for the vindication of federal rights or in an attack on the constitutional validity of the Local Agency Law. No assertions as to the latter have been presented and no notice provided to the state Attorney General as is required in the case of such a challenge. Pa. R.A.P. No. 521(a). As to the former, the appellant before trial moved to amend the complaint to include a claim under the Civil Rights Act of 1871, 42 U.S.C. §1983. This motion was denied by the trial court and that determination is not questioned in this appeal.

suspension of temporary professional employees; leaving unresolved the question of whether a different result would be required in the case of the discharge of such employees. We thus followed our cautionary note in *Zimmerman v. City of Johnstown,* 27 Pa. Commonwealth Ct. 42, 47, 365 A.2d 696, 698 (1976), a case involving the disciplinary suspension of police officers and the attendant requirements of the Local Agency Law:

> We do *not* hold that an administrative hearing must *precede* the action of suspension. Rather, the suspension may be initially imposed and enforced, provided that a hearing, if sought, is afforded within a reasonable time thereafter. (Emphasis in original.)

Also significant with respect to this issue is the recent decision of our Supreme Court in *Philadelphia School District v. Twer,*      Pa.    , 447 A.2d 222 (1982) where the Court rejected the contention that permanent professional school employees pursuant to the Public School Code of 1949, have a right to a hearing prior to their demotion. Finally, in *Commonwealth of Pennsylvania, Department of Public Welfare v. Eisenberg,*     Pa.    ,     A.2d    (No. 81-1-170 filed November 29, 1982), the Supreme Court construed Section 504 of the Administrative Agency Law, 2 Pa. C. S. §504, which creates as to the validity of adjudications of Commonwealth agencies, the same prerequisites of notice and a hearing as are required in the case of local agencies, including school boards, by the Local Agency Law, and held that the statutory mandate could be fully met by a hearing conducted following the termination by the agency of a contractual "provider agreement" between the agency and the appellant. From these authorities we conclude that the Local Agency law requires only in the case of the discharge of a temporary professional employee timely

notice of the school district's personnel decision and a full hearing within a reasonable time thereafter.

The case authorities brought to our attention by the appellant concern the issue of whether a temporary professional employee discharged without a hearing and then pursuing a judicial appeal pursuant to the Local Agency Law is entitled to an order requiring the school district employer to reinstate him or merely to an order remanding the matter to the school authorities with direction that they conduct the required hearing. On this issue we held in *McKelvey v. Colonial School District*, 35 Pa. Commonwealth Ct. 264, 385 A.2d 1040 (1978) that the school district's intransigent and persistent refusal to conduct a hearing justified the relief requested: reinstatement. In other cases, where the school district has held the required hearing in a defective manner, we have decided that reinstatement was not necessary and that a remand to the school authorities for a proper hearing was sufficient to insure the integrity of the administrative process. See e.g. *Dicello v. Board of Directors of the Riverside School District*, 33 Pa. Commonwealth Ct. 39, 380 A.2d 944 (1977); *Kudasik v. Port Allegheny School District*, 23 Pa. Commonwealth Ct. 208, 350 A.2d 887 (1976).

None of these authorities control the instant case. Here the school authorities have held a proper hearing. Neither reinstatement nor a remand would be appropriate inasmuch as it has now been finally decided that the employer's action discharging the appellant was properly taken and that the procedures used in effectuating that action were proper.

Order affirmed.

## ORDER

AND Now, this 12th day of April, 1983, the order of the Court of Common Pleas of Lycoming County in the above-captioned matter is affirmed.