509 A.2d 1329

Beaver Valley Builders Supply, Inc. *v.* The Zoning Hearing Board of Bell Acres Borough. The Zoning Hearing Board of Bell Acres Borough and The Borough of Bell Acres, Appellants.

Argued March 10, 1986, before President Judge CRUMLISH, JR., and Judges ROGERS and BARRY, sitting as a panel of three.

*Carl M. Kerchner*, for appellants.

*A. Bruce Bowden*, with him, *Laura Ellsworth Mead, Buchanan Ingersoll Professional Corporation*, for appellee.

OPINION BY JUDGE ROGERS, May 8, 1986:

This is the appeal of the Borough of Bell Acres (borough) and the Zoning Hearing Board of Bell Acres (board) from an order of the Court of Common Pleas of Allegheny County discharging a rule to show cause why Beaver Valley Builders Supply, Inc. (Beaver Valley) should not be held in contempt of court.

In February 1981, Beaver Valley, the owner of 72.5 acres of then undeveloped land in the borough located in an R-1 Residential zoning district in which only single-family residential use was permitted, requested

borough council to rezone 50 acres of its land from R-1 to the Industrial-Commercial district, which would allow it to construct an office-warehouse complex, together with landscaping, paved on-site parking and necessary utilities, all as shown on plans submitted with the request. After hearings, borough council denied the request.

On August 11, 1982, Beaver Valley filed with the board an application for a variance pursuant to Section 912 of the Pennsylvania Municipalities Planning Code (MPC) Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912, and alternatively a challenge to the validity of the borough's zoning ordinance pursuant to Section 1004(1)(a) of the MPC, 53 P.S. §11004(1)(a). Both applications were accompanied by the same plans which had been presented to the borough council with the application for rezoning.

At the board hearing, Beaver Valley amended its request for a variance to embrace only 27 acres of land and to amend its validity challenge to propose that its land be placed in the Industrial district rather than the previously requested Industrial-Commercial. The substance of the challenge was that the zoning ordinance unreasonably restricted commercial and industrial uses.

On March 23, 1983, the board denied Beaver Valley's request for a variance and dismissed its challenge.

Beaver Valley appealed the board's action to the common pleas court, which handed down the following order:

> AND NOW, to-wit, this 2nd day of June, 1983, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal of BEAVER VALLEY BUILDERS SUPPLY, INC. from the decision of the Zoning Hearing Board of Bell Acres be, and the same is hereby, GRANTED

and that the decision of the Board denying Appellant's variance request and validity challenge be, and the same is hereby, REVERSED. The borough did not take an appeal.

Beaver Valley graded a portion of its property. It did not, however, proceed with the construction of the office-warehouse complex described in the plans filed with the board. It placed office trailers and parts of a concrete batch plant on the property. The borough notified Beaver Valley that this action was in violation of the order of the court.

When Beaver Valley failed to remove the trailers and batch plant, the borough filed summary proceedings against Beaver Valley before the district justice charging it with violation of the use provisions of its zoning ordinance. After a hearing, the district justice dismissed the action suggesting that the matter might be resolved by asking the court of common pleas to clarify its order. Instead, the borough filed a petition in the court of common pleas for a rule to show cause why Beaver Valley should not be held in contempt of the court's order. The court granted the rule and framed the issue as "whether the property can be used for commercial industrial development consistent with the balance of the ordinance or whether approval obtained on appeal by the owner of the land is for a single purpose use … developing the property for an office-warehouse complex and for no other industrial commercial use." The court discharged the rule.

First, we will affirm the court's order discharging the rule because a petition for contempt is a wholly inappropriate means of enforcing the township's zoning regulations. Other more appropriate means which immediately occur to us are equity, a petition for declaratory judgment or, as the district justice suggested, a request of the court that it supplement its order. Second,

Beaver Valley and its lawyer seem to have interpreted the court's order as somehow having placed its land in the Industrial zoning district in which its batch plant and trailers would be permitted. While the court had no power to rezone the property, we cannot say that Beaver Valley's activity was plainly in contempt of the court's order.

We are, however, constrained to observe, should the borough pursue other means of enforcing its zoning regulation, that the court's order reversing the board's denial of Beaver Valley's challenge was and remains subject to the regulations of Section 1011(2) of the MPC, 53 P.S. §11011(2), which provide in pertinent part:

> *If the court ... finds that an ordinance ... which has been brought up for review unlawfully prevents or restricts a development or use which has been described by the landowner through plans and other materials submitted to the governing body, agency or officer of the municipality whose action or failure to act is in question on the appeal, it may order the described development or use approved as to all elements or it may order it approved as to some elements and refer other elements to the governing body, agency or officer having jurisdiction whereof for further proceedings, including the adoption of alternative restrictions, in accordance with the court's opinion and order.* (Emphasis added.)

Hence, the worst case for the municipality which has lost a challenge to its ordinance is that the landowner will be permitted to develop its property as described by its plans submitted to the zoning hearing board or governing body.

The order discharging the rule for contempt is affirmed.

ORDER

AND NOW, this 8th day of May, 1986, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.