## 545 A.2d 447

John Feigh, Appellant *v.* Glendale School District, Appellee.

386

Argued May 25, 1988, before Judges MACPHAIL and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*William A. Hebe, Spencer, Gleason & Hebe,* for appellant.

*Christian A. Fisanick*, with him, *Vasil Fisanick*, for appellee.

OPINION BY JUDGE MACPHAIL, August 4, 1988:

John Feigh appeals here from an order of the Cambria County Court of Common Pleas which sustained the preliminary objections[1] of Glendale School District (Glendale) to Feigh's complaint in equity and dismissed his complaint. We reverse.

Feigh was a music instructor in Glendale's secondary music program. Glendale decided, for budgetary reasons, to eliminate its elementary instrumental music program. As a result of that action, Feigh was "bumped" by the instructor of the elementary program who had seniority over Feigh. Feigh, who was then suspended by Glendale under the provisions of Section 1124 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1124, initiated an appeal under the Local Agency Law (Law), 2 Pa. C. S. §§551-555, 751-754. When that appeal was denied by Glendale, Feigh appealed to the Court of Common Pleas of Cambria County which upheld his appeal. We subsequently reversed that court in *Glendale School District v. Feigh*, 99 Pa. Commonwealth Ct. 470, 513 A.2d 1093 (1986) (Feigh I), *petition for allowance of appeal denied* June 4, 1987 at 493 W.D. Allocatur Docket 1986.

On March 20, 1987, Feigh filed a civil action in equity against Glendale alleging, *inter alia*, that the ele-

---

[1] Glendale actually listed six preliminary objections. The trial court's order from which the instant appeal was taken stated that the preliminary "objections" were granted. The trial judge in an amended order, which is consistent with his opinion, obviously considered and sustained only Glendale's demurrer on the ground of res judicata. It is the issue of res judicata to which both briefs in this Court are directed and restricted.

mentary instrumental program was not eliminated and that Feigh had been informed by the president of the school board that the real reason for his suspension was "that the Board of Directors perceived him as a hard person to work with." Feigh avers that the real reasons for his suspension were ill-will, animosity, and simply a desire to see him removed as a professional employee. His equity suit in the trial court requested a mandatory injunction which would order Glendale to reinstate him to his former teaching position.

Glendale contends that Feigh's action in equity is clearly barred by res judicata. Feigh counters that res judicata does not apply here, (1) because the decision in *Feigh I* was obtained by fraud, and (2) the four elements essential for res judicata to apply are not present here.[2]

It is well established that the defense of res judicata applies only where four conditions concur: identity of the thing sued upon or for, identity of the cause of action, identity of the persons or parties to the action and, identity of the capacity or quality of the parties suing or being sued. *Carroll Township Authority v. Municipal Authority of City of Monongahela,* 102 Pa. Commonwealth Ct. 363, 518 A.2d 337 (1986), *petition for allowance of appeal denied,* October 13, 1987 at 682 W.D. Allocatur Docket 1987.

In *Feigh I* we said:

In the case before us there is no dispute that the School District's elimination of its elementa-

---

[2] Feigh does not object to the fact that Glendale raised the defense of res judicata by preliminary objection rather than as an affirmative defense in an answer under new matter as required by Pa. R.C.P. No. 1030. Feigh concedes that inasmuch as his complaint incorporates *Feigh I* by reference, it was appropriate for Glendale to raise the defense in a preliminary objection. *See Mercer Raceway, Inc. v. Department of Transportation,* 62 Pa. Commonwealth Ct. 206, 435 A.2d 1338 (1981).

ry instrumental music program was the result of its attempt to find an efficient means for dealing with the School District's severe economic difficulties. While the School District could not suspend Appellee solely for financial reasons, it could, with the approval of the Department, eliminate a non-mandated program for financial reasons. When that occurs, the provisions of Section 1124(2) become operative. Here, inasmuch as Appellee has not alleged any improper motive for his suspension and the substantive and procedural requirements of Section 1124(2) have been met, we are constrained to reverse the trial court and affirm the adjudication of the Board.

99 Pa. Commonwealth Ct. at 475, 513 A.2d at 1095. We emphasize two matters appearing in that excerpt. First, had Glendale not represented that it was eliminating the elementary instrumental music program with the approval of the Department of Education as a means of dealing with its financial problems, Feigh's suspension could not have been upheld. Second, in his statutory appeal, Feigh did *not* allege any improper motive for Glendale's action in suspending him.

As we have noted, Feigh's present suit now alleges that the instrumental program was not eliminated and that his suspension actually was due to an improper motive on the part of the Board.

Courts normally will not permit a second action, which is merely a disguise of the first one, to proceed.

In *Husted v. Canton Area School District*, 73 Pa. Commonwealth Ct. 380, 458 A.2d 1037 (1983), a temporary professional employee of the school district was dismissed. After a hearing conducted pursuant to the provisions of Section 553 of the Law, 2 Pa. C. S. §553, the teacher instituted an action in assumpsit alleging breach of her contract with the school district. In

affirming the trial court's order granting judgment to the school district, we said:

> The doctrines of res adjudicata, election of remedies, and impermissible splitting of causes of action all would seem to forbid a discharged teacher from accomplishing that which was here accomplished—full litigation of the propriety of the discharge in the Local Agency Law forum, (a forum sufficiently broad in scope to permit reliance on contractual rights and recovery of back-pay contractual damages) and, when that litigation was ultimately unsuccessful, relitigation of the issue of the procedural requirements of the Local Agency Law and the necessity of a back-pay award under the guise of an assumpsit action.

73 Pa. Commonwealth Ct. at 384, 458 A.2d at 1039.

Feigh argues here, however, that res judicata will not apply where the judgment in a prior action asserted as a defense to the second action was obtained by fraud. It appears that there is authority for that argument. *See Commonwealth ex rel. Crawford v. Crawford*, 170 Pa. Superior Ct. 151, 84 A.2d 237 (1951); 46 Am. Jur. 2d *Judgments* §473 (1969). The argument is, moreover, supported by logic and equity's jurisdiction generally in cases involving fraud.

Regarding Feigh's present contention of Glendale's improper motive in suspending him, we note that paragraph 18 of the complaint now before us alleges that as early as 1984 in a meeting he had with the school board, he was aware that the members "evidenced an attitude of great animosity" toward him. This occurred prior to his suspension hearing. The conversation between Feigh and the president of the school board, which is alleged to have occurred after our opinion in *Feigh I* was rendered, was merely confirmation of what

Feigh suspected several years before. Res judicata is conclusive on the parties not only as to matters decided but those which might have been properly decided as well. *Bearoff v. Bearoff Brothers, Inc.,* 458 Pa. 494, 327 A.2d 72 (1974). Since improper motive could have been litigated in *Feigh I,* we conclude that Feigh is barred by res judicata as to that issue.

We turn now to the matter of the curtailment of the educational program, the real and only basis for Feigh's suspension. If, in fact, Glendale did not eliminate the elementary instrumental music program, as Feigh alleges in paragraph 19 of the complaint now before us, a fact which the trial court must assume to be correct for the purpose of ruling on a demurrer, then that would constitute fraud on the part of Glendale in obtaining the first decision in its favor and would warrant, barring other facts and circumstances unknown to us, the equitable relief Feigh seeks.

What we do not know, nor did the trial court know when ruling on the demurrer, is whether Glendale eliminated the elementary instrumental music program as Glendale represented it would in *Feigh I.* Under these circumstances, we believe the trial court erred when it held that res judicata barred the suit in equity filed by Feigh.

As we have noted, the trial court acted only on Glendale's demurrer. Our review of the other preliminary objections indicates that all of them, save one, are merely variations of the demurrer.

Glendale did raise the issue of laches in the preliminary objections. In its brief on this preliminary objection before the trial court, Glendale asserted that the delay between August 7, 1986, the date *Feigh I* was decided, and March 24, 1987, the date the instant suit was commenced, warrants the bar of laches. We note that laches is an affirmative defense which must be pled

in an answer under the heading of new matter. Pa. R.C.P. No. 1030. Since we are requiring Glendale to file an answer to Feigh's complaint, the defense of laches can and should be raised in Glendale's answer at that time.

In summary, the critical question which cannot be answered from the pleadings is, was the curtailment of the program implemented? We are of the opinion that only Glendale's response to the factual allegations in Feigh's complaint will provide the answer to this question. We conclude that the instant suit must go forward.

### ORDER

The order of the Court of Common Pleas of Cambria County which dismissed the above-captioned action is reversed. The case is remanded for further proceedings.

Jurisdiction relinquished.