620 A.2d 554

Henry P. JACQUELIN, Appellant,

v.

**ZONING HEARING BOARD OF HATBORO BOROUGH.**

Commonwealth Court of Pennsylvania.

Argued Nov. 20, 1992.

Decided Jan. 11, 1993.

Donald A. Semisch, for appellant.

Bruce J. Eckel, for appellee.

Before CRAIG, President Judge, and COLINS, J., and LORD, Senior Judge.

CRAIG, President Judge.

Henry Jacquelin (landowner) appeals a decision of the Court of Common Pleas of Montgomery County that affirmed a decision of the Zoning Hearing Board of the Borough of

Hatboro denying Jacquelin's application for the re-classification of a lot, or alternatively, for a variance.

## HISTORY OF THE CASE

In 1987, the landowner entered into an agreement to purchase an unimproved parcel of land, lot 443, which is located on Crooked Billet Road in Hatboro Borough. Two developed lots, lots 444 and 445, sit adjacent to lot 443. Both lots 444 and 445 measure seventy-five feet in width; however lot 443 is only fifty feet wide.

Under section 602.2(b) of the Hatboro Borough Zoning Ordinance, an R–1 Residential district requires a lot width of at least seventy feet in order to erect a building on a lot in the R–1 zone. A fifty-foot width is required to erect a building on a lot in a R–2 Residential district.

The landowner sought to construct a single-family dwelling on lot 443 and filed an application with the township zoning officer. The officer denied the landowner's application after concluding that lot 443 is in an R–1 Residential district rather than an R–2 Residential district, and thus could not satisfy the ordinance's lot width requirements under section 602.2(b). The officer also determined that the landowner was not entitled to a dimensional variance. The board affirmed the zoning officer's decision, and the landowner appealed the board's decision to the Court of Common Pleas of Montgomery County. The trial court affirmed the board's decision. The landowner appealed to this court, which also affirmed the board. *Jacquelin v. Zoning Hearing Board,* 126 Pa.Commonwealth Ct. 20, 558 A.2d 189 (1989). The landowner then appealed to the Supreme Court, which dismissed his appeal.

On January 3, 1991, the landowner filed a second application with the board, once again appealing the zoning officer's decision. In that application, the landowner again challenged the zoning officer's determination that lot 443 is in an R–1 Residential district, and alternatively, requested a variance from the lot width requirements for single-family dwellings in R–1 residential districts.

The board again denied the landowner's application and held that, (1) the doctrine of collateral estoppel barred the landowner's second application for a determination that lot 443 is in an R–2 Residential district and (2) the doctrine of res judicata barred both the landowner's request for a redetermination of the R–1 classification and his request for a variance. The landowner appealed the board's decision to the trial court, which affirmed that decision. This appeal followed. The trial court's decision must be affirmed.

## ISSUES

The landowner raises the following issues: (1) whether the doctrines of res judicata and collateral estoppel apply where the earlier decision allegedly was based on fraudulent testimony; (2) whether the doctrines of res judicata and collateral estoppel apply in a zoning case where an applicant for zoning approval contends he is entitled to relief on the merits; (3) whether a landowner must search outside a township's records when the township's records do not help to determine the zoning district in which a property is located and, when the zoning district cannot be determined, whether the property should be placed in the least restrictive adjacent zoning district, and; (4) whether the landowner is entitled to a variance.

## ANALYSIS

Our scope of review, where the trial court takes no additional evidence, is limited to determining whether the zoning hearing board committed an abuse of discretion or error of law. *City of Pittsburgh v. Zoning Board of Adjustment*, 522 Pa. 44, 559 A.2d 896 (1989).

### 1. *Collateral Estoppel*

The doctrine of collateral estoppel, or issue preclusion, will preclude review of an issue if the following four factors are present: (1) the issue decided in the earlier case is identical to the one presented in the later action; (2) there was a final judgment on the merits in the earlier action; (3) the party against whom the plea is asserted was a party, or in

privity with a party to the earlier adjudication; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior action. *E–Z Parks, Inc. v. Philadelphia Parking Authority,* 103 Pa.Commonwealth Ct. 627, 521 A.2d 71 (1987).

■ In the present case, the board found that the issues the landowner raised in his 1991 application are identical to the issues he raised in his 1987 application. In both cases the landowner sought a determination that lot 443 is in an R–2 Residential district and, in the alternative, a variance from the zoning ordinance's dimensional requirements. The trial court's decision denying the landowner's first appeal settled that earlier dispute and rendered the board's first decision a final judgment. In addition, the parties in both cases are identical and the issues were fully and fairly litigated in the earlier action. Thus, we conclude that the four conditions necessary for collateral estoppel to apply are present in this case, and therefore, the landowner is precluded from relitigating the case.

## 2. *Res Judicata*

■ The doctrine of res judicata, or claim preclusion, will bar a claim if four conditions are met; identity of things sued for; identity of cause of action; identity of parties; and identity of capacity of parties suing or being sued. *Kurtz v. Workmen's Compensation Appeal Board (Allied Chemical Corp.),* 95 Pa.Commonwealth Ct. 110, 504 A.2d 428 (1986).

■ However, because the need for "flexibility in zoning matters outweighs the risk of repetitive litigation," Pennsylvania courts apply the doctrine of res judicata sparingly. *Schubach v. Silver,* 461 Pa. 366, 376, 336 A.2d 328, 333 (1975). Nevertheless, the doctrine of res judicata may be applied in zoning cases where the four elements above are satisfied, and if there are no substantial changes in circumstances relating to the land itself. *Serban Appeal,* 84 Pa.Commonwealth Ct. 558, 480 A.2d 362 (1984). *See also Namcorp Inc. v. Zoning*

*Hearing Board* 125 Pa.Commonwealth Ct. 496, 558 A.2d 898 (1989).

Our conclusion is that res judicata is applicable in this case. As stated above, the cause of action in the present case is identical to that in the 1987 case. The parties are identical and there has been no change in their capacity to sue. In addition, there have been no substantial changes in conditions incident to the land in the present action.

### 3. *Identity of the Parties*

■ The landowner relies on *Rudd v. Zoning Hearing Board,* 133 Pa.Commonwealth Ct. 652, 578 A.2d 59 (1990), in arguing that courts do not apply the doctrine of res judicata in cases where a landowner could easily avoid the application of the doctrine by deeding his property to a third party, thus destroying the "identity of the parties." In *Rudd,* the applicant's purchase of the property at issue was contingent upon his obtaining a variance. The legal owners of the disputed lot previously had sought a variance for the lot. The municipality argued that res judicata precluded the action because, even though the applicants were not involved in the first action, the legal owners of the property at issue had already brought an identical action.

This court noted that, although the municipality's argument may have been technically correct, the resort to such a technicality was unnecessary, because the applicant's right to the variance was clear.

The present case is distinguishable from *Rudd* because the identity of the parties is met in this case. The landowner cannot claim, as did the appellant in *Rudd,* that he was not a party in the earlier action.

### 4. *Res Judicata and Collateral Estoppel in Cases of Fraud*

The landowner also argues that the doctrines of collateral estoppel and res judicata do not apply in the present case because the board's 1987 decision was based on false testimony from the borough manager, that the zoning district of lot 443 could be ascertained by looking at a map from the county's map room, the "Norristown Map." The landowner

contends that the manager's testimony in 1987 was fraudulent because of present testimony from the new manager that the Norristown Map is not helpful in determining lot 443's zoning district.

■ Because the landowner did not raise the issue of fraud before the board or the trial court, he cannot now raise that issue before this court. *Brunswick Corporation v. Key Enterprises, Inc.*, 431 Pa. 15, 244 A.2d 658 (1968). However, even if the landowner could raise that issue, the fraud exception to the application of res judicata would not apply in the present case.

In *Feigh v. Glendale School District*, 118 Pa.Commonwealth Ct. 385, 545 A.2d 447 (1988), a case the landowner relies upon, this court held that res judicata will not apply in cases where a judgment in the first action was obtained by fraud and that fraud is asserted as a defense in the second action. This court noted that, in the first action, the suspension of a school teacher was upheld because the school represented that it was eliminating the plaintiff's position due to financial hardship. The decision of the trial court in that case was based solely on the elimination of the teaching position. This court held that where the school, in fact, did not eliminate that position, the previous judgment was entered based on fraudulent testimony and thus res judicata did not apply.

This court ruled that the appellant was barred from alleging that the school had an improper motive for suspending him, because, he could have raised that issue in the first appeal. However, this court allowed him to raise the issue of *fraud* because, at the time of the first trial he had no way of knowing that the school was not going to eliminate the teaching position.

The present case is distinguishable from *Feigh* for several reasons. In the present case, the landowner had an opportunity to attach the testimony of the then borough manager in 1987. This is not the case, as in *Feigh,* where the appellant had no way of knowing, at the time his case was first tried, that the school would not eliminate his job position. In this

case, for example, the landowner points out many alleged inconsistencies in the testimony of the borough manager in 1987.

In addition, unlike *Feigh*, where the sole basis of the first decision was the school's elimination of the teaching position, the borough manager's testimony in the first action in this case was only a part of the evidence used by the board and courts in concluding that lot 443 is in an R–1 Residential district. The courts noted, for example, that lot 443 had merged with lot 444, which is zoned R–1 Residential. The borough manager gave his interpretation of the Norristown Map, and the landowner had an opportunity then to contest that evidence.

### 5. *The Variance Request*

Because this court concludes that res judicata applies in the present case, we need not address the merits of the landowner's request for a variance. We note further that he did not raise the issue of non-conforming lots in his appeal to the board or the trial court and cannot raise them for the first time here.[1]

Accordingly, the decision of the Court of Common Pleas of Montgomery County, is affirmed.

### ORDER

NOW, January 11, 1993, the decision of the Court of Common Pleas of Montgomery County, dated March 25, 1992, at No. 91–07088, is affirmed.

---

1. This court notes that because the trial court in another case ordered the landowner to convey Lot 443 to Paul and Marianne Shaeffer, both the trial court and the appellees question the landowner's standing to appeal to this court. *See Shaeffer v. Clever*, 128 Montg. Co. L.R. 38 (1991). Because the trial court's order in that case is still on appeal, and this record does not establish that the landowner lacks legal or equitable title, we will not address the issue of standing.