639 A.2d 915

**BEAVER VALLEY BUILDERS SUPPLY, INC., Appellant,**

v.

**The ZONING HEARING BOARD OF BELL ACRES BOROUGH and Bell Acres Borough.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1993.

Decided March 14, 1994.

A. Bruce Bowden, for appellant.

John M. Means, for appellees.

Before COLINS and FRIEDMAN, JJ., and RODGERS, Senior Judge.

COLINS, Judge.

Beaver Valley Builders Supply, Inc. (Beaver Valley) appeals the November 16, 1992 order of the Court of Common Pleas of Allegheny County (Common Pleas) affirming the Borough of Bell Acres Zoning Hearing Board's (Board) denial of Beaver Valley's variance request and dismissal of Beaver Valley's validity challenge to the Borough of Bell Acres' (Borough) Zoning Ordinance (Ordinance). The Borough has intervened on behalf of the Board. We affirm.

At the outset, the lengthy procedural history of this case must be reviewed. In 1981, Beaver Valley owned a 72.5 acre tract of then undeveloped land in an R–1, one family residential zoning district within the Borough. Subsequently, Beaver Valley submitted plans to the Borough Planning Commission seeking to have the Borough rezone 50 acres of its 72.5 acre tract to Industrial–Commercial so as to permit the development of a seven building office and warehouse complex. Despite a positive recommendation from the Borough's Planning Commission, however, the Borough Council denied the request.

In 1982, Beaver Valley filed an application with the Board pursuant to what was then Section 912 of the Pennsylvania Municipalities Planning Code (MPC),[1] seeking a variance to

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10912, which provided, in pertinent part:

    The board shall hear requests for variances where it is alleged that the provisions of the [Ordinance] inflict unnecessary hardship upon the applicant.... The board may grant a variance provided the following findings are made where relevant in a given case:

use the 50 acre parcel in accordance with the plans previously submitted to the Borough Planning Commission and the Borough Council. Alternatively, pursuant to then-in-effect Section 1004 of the MPC,[2] Beaver Valley challenged the validity of the Ordinance, averring that the Ordinance unreasonably restricted commercial and industrial use in the Borough. At the hearing before the Board, Beaver Valley orally amended its variance request to affect 27 acres rather than 50 acres. Nevertheless, on March 23, 1983, the Board denied the vari-

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size of [sic] shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the [Ordinance] in the neighborhood or district in which the property is located;

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the [Ordinance] and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

(3) That such unnecessary hardship has not been created by [Beaver Valley];

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare; and

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

Section 912 of the MPC was repealed effective February 19, 1989 by the Act of December 21, 1988, P.L. 1329. A similar provision is now found in Section 910.2 of the MPC, 53 P.S. § 10910.2, which was added to the MPC by the Act of December 21, 1988, P.L. 1329.

2. Then-in-effect Section 1004 of the MPC, 53 P.S. § 11004, provided, in pertinent part:

(1) A landowner who, on substantive grounds, desires to challenge the validity of an ordinance or map or any provision thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either:

(a) To the [Board] for a report thereon under section 910 [of the MPC, 53 P.S. § 10910,] or Section 913.1 [of the MPC, 53 P.S. § 10913.1,] . . . .

Section 1004 of the MPC was repealed effective February 19, 1989 by the Act of December 21, 1988, P.L. 1329. A similar provision is now found in Section 916.1 of the MPC, 53 P.S. § 10916.1, which was added to the MPC by the Act of December 21, 1988, P.L. 1329.

ance request and dismissed the validity challenge. Beaver Valley appealed to Common Pleas.

On June 2, 1983, Common Pleas entered an order reversing the Board, thereby granting Beaver Valley's variance request and upholding its validity challenge. With respect to the variance request, Common Pleas held that the variance grant would permit use of the 27 acre parcel in conformity with the 1982 variance request, thereby allowing Beaver Valley to develop the parcel into a seven building office and warehouse complex. With respect to the validity challenge, Common Pleas held that the Ordinance resulted in an unreasonable partial exclusion of Borough land for commercial and industrial use. The Borough did not appeal.

Subsequently, Beaver Valley graded the 27 acre parcel but did not initiate construction of the seven building office and warehouse complex. Rather, Beaver Valley began to store construction and office trailers and concrete batch equipment there. As a result, the Borough initiated a summary enforcement proceeding against Beaver Valley before a district justice and charged the Borough with violations of the Ordinance's use provisions. The district justice dismissed the enforcement case and suggested that the matter might be resolved by requesting Common Pleas to clarify its June 2, 1983 order.

Thereafter, the Borough filed a petition in Common Pleas for a rule to show cause why Beaver Valley should not be held in contempt for noncompliance with Common Pleas' June 2, 1983 order. On December 30, 1983, in the opinion accompanying the June 2, 1983 order, Common Pleas held first, that with respect to Beaver Valley's prospective development of the 27 acre parcel, the Ordinance resulted in a partial exclusion of Borough land for commercial and industrial use and second, that the portion of the Ordinance that denied Beaver Valley the right to use its land for commercial or industrial purposes was invalid. Accordingly, Common Pleas discharged the rule. The Borough appealed to this Court.

On May 8, 1986, this Court affirmed Common Pleas' discharge of the rule to show cause. *Beaver Valley Builders Supply, Inc. v. Zoning Hearing Board, Bell Acres Borough,* 97 Pa.Commonwealth Ct. 133, 509 A.2d 1329 (1986). This Court, however, noted that Common Pleas' June 2, 1983 order and opinion, reversing both the Board's denial of Beaver Valley's variance request and the Board's dismissal of Beaver Valley's validity challenge, is subject to what was then Section 1011(2) of the MPC.[3]

Subsequently, on February 22, 1988, the Borough filed a complaint in equity averring that Beaver Valley never used the 27 acre parcel for an office and warehouse complex but

3. What was then Section 1011(2) of the MPC, 53 P.S. § 11011(2) provided:

> (2) If the court, in accordance with the standards provided in subsection (1), finds that an ordinance or map or a decision or order thereunder which has been brought up for review unlawfully prevents or restricts a development or use which has been described by the landowner through plans and other materials submitted to the governing body, agency or officer of the municipality whose action or failure to act is in question on the appeal, it may order the described development or use approved as to all elements or it may order it approved as to some elements and refer other elements to the governing body, agency or officer having jurisdiction thereof for further proceedings, including the adoption of alternative restrictions, in accordance with the court's opinion and order. In issuing its order, the court shall consider the following: (i) the locational suitability of the site for the uses proposed including the general location of the site with regard to major roads, sewer facilities, water supplies, schools and other public service facilities or the comprehensive plan and zoning ordinance of the municipality and the county if they exist; (ii) the impact of the proposal on regional housing needs, the transportation network, and the other public services and facilities; (iii) the suitability of the site for the intensity of use proposed by the site's soils, slopes, woodland, wetlands, flood plains, natural resources and natural features; (iv) the impact of the proposed use on the site's soils, slopes, woodlands, wetlands, flood plains, natural resources and natural features, the degree to which these are protected or destroyed, the tolerance of the resources to development and any adverse environmental impacts; and (v) the impact of the proposal on the preservation of agriculture and other land uses which are essential to public health and welfare.

Section 1011(2) of the MPC was repealed effective February 19, 1989 by the Act of December 21, 1988, P.L. 1329. A similar provision is now found in Section 1006–A(c) of the MPC, 53 P.S. § 11006–A(c), which was added to the MPC by the Act of December 21, 1988, P.L. 1329.

was using the parcel as an outdoor storage yard for construction equipment and materials, that is, as a junkyard. The Borough sought an injunction first, to require Beaver Valley to remove all materials from the 27 acre parcel; second, to prohibit Beaver Valley from bringing additional materials onto the parcel; and third, to limit development of the parcel to the seven building office and warehouse complex described in Beaver Valley's 1982 variance request.

On October 21, 1988, while the equity action was pending, Beaver Valley filed another request for a variance with the Board. In this second variance request, Beaver Valley sought to use the 27 acre parcel for outside storage of equipment and inventory. Additionally, Beaver Valley filed another validity challenge to the Ordinance. The substance of this second validity challenge was identical in content to the substance of its successful first validity challenge; Beaver Valley again averred that the Ordinance unreasonably restricted commercial and industrial use in the Borough. On March 2, 1989, after conducting three separate hearings, the Board denied the second variance request and dismissed the second validity challenge. Beaver Valley appealed to Common Pleas.

Beaver Valley's resulting statutory appeal and the Borough's equity case were consolidated for trial. In May of 1989, upon agreement of both parties, Common Pleas proceeded with the hearing for the injunction in the equity action without taking any further action regarding the statutory appeal. On August 30, 1989, Common Pleas denied the Borough's request for injunction. The Borough appealed the denial of the injunction to this Court.

On August 20, 1990, this Court reversed Common Pleas and remanded with instructions to grant the injunction sought by the Borough. See *Borough of Bell Acres v. Beaver Valley Builders Supply, Inc.,* 527 Pa. 652, 593 A.2d 423 (1990). Further action was delayed pending a petition for reargument before this Court and a petition for allowance of appeal to the Supreme Court; both petitions were denied. Thereafter, on November 27, 1991, consistent with this Court's August 20,

1990 order and opinion, Common Pleas ordered that the injunction be granted.

Beaver Valley's statutory appeal, which had lain dormant in accordance with the aforementioned agreement of the parties, then proceeded in Common Pleas. On November 16, 1992, Common Pleas affirmed both the Board's denial of Beaver Valley's second variance request and the Board's dismissal of Beaver Valley's second validity challenge. Beaver Valley's appeal is presently before us.

Beaver Valley argues first, that because Common Pleas' June 2, 1983 order granted its first variance request, and because the second variance request is nearly identical to the first, the Board should have granted the second variance request based on principles of res judicata or collateral estoppel. Beaver Valley argues second, that because the 27 acre parcel is not useable under the Ordinance, the second variance request should have been granted. Beaver Valley argues third, that because Common Pleas' June 2, 1983 order and opinion determined that collateral estoppel established the invalidity of the Ordinance, Common Pleas should have granted relief pursuant to Section 1006–A(c) of the MPC.[4] Beaver Valley argues finally, that because its first validity challenge was successful and because the Ordinance has not been changed with respect to that, its second validity challenge, identical in content to the first, should succeed. Additionally, Beaver Valley argues that the Board should have granted its second validity challenge based upon a "fair share" analysis.

The Borough argues first, that neither res judicata nor collateral estoppel applies to the instant case and that the second variance request proposes a different use than that proposed by the first variance request. The Borough argues second, that because Beaver Valley did not prove that the 27 acre parcel has no value for any use permitted under the

4. Beaver Valley mistakenly refers to Section 1006–A of the MPC as the applicable controlling statute. Beaver Valley's second variance request and second validity challenge were lodged on October 21, 1988. What was then Section 1011(2) of the MPC, 53 P.S. § 11011(2), is, therefore, the applicable MPC provision. See footnote 3 *supra*.

Ordinance, the Board did not err or abuse its discretion in denying the second variance request. The Borough argues finally, that because Beaver Valley did not present evidence as to the Borough's actual and projected population and because Beaver Valley did not provide any testimony regarding whether the Borough was in the path of urban or suburban development or whether the Borough was a logical area for such development, Beaver Valley did not present sufficient evidence to show that the Ordinance was exclusionary and, therefore, invalid.

The issues presented for appeal are first, whether the Board erred or abused its discretion in concluding that neither principles of res judicata nor collateral estoppel applied to Beaver Valley's second variance request and second validity challenge; second, whether the Board erred or abused its discretion in denying Beaver Valley's second variance request; third, whether Common Pleas erred in not granting Beaver Valley judicial relief pursuant to then-in-effect Section 1011(2) of the MPC; and fourth, with respect to Beaver Valley's second validity challenge, whether the Board erred or abused its discretion in concluding that the Ordinance was not exclusionary and, therefore, was valid.

Where the trial court takes no additional evidence on the appeal of the decision of the zoning hearing board, this Court's scope of review is limited to determining whether the zoning board committed an error of law, abused its discretion, or made findings of fact not supported by substantial evidence. *Haaf v. Zoning Hearing Board,* 155 Pa.Commonwealth Ct. 608, 625 A.2d 1292 (1993).

With respect to the first issue, "[t]he doctrine of res judicata, or claim preclusion, will bar a claim if four conditions are met; identity of things sued for; identity of cause of action; identity of parties [to the actions]; and identity of capacity of parties suing or being sued." *Jacquelin v. Zoning Hearing Board,* 152 Pa.Commonwealth Ct. 568, 572, 620 A.2d 554, 556 (1993). Similarly,

> [t]he doctrine of collateral estoppel, or issue preclusion, will preclude review of an issue if the following four factors are present: (1) the issue decided in the earlier case is identical to the one presented in the later action; (2) there was a final judgment on the merits in the earlier action; (3) the party against whom the [estoppel claim] is asserted was a party, or in privity with a party to the earlier adjudication; and (4) the party against whom the [estoppel claim] is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Id.* at 571–72, 620 A.2d at 556. In this matter, there is no identity of either subject matter or factual issues. The subject matter and factual issues underlying the first variance request pertained to using the 27 acre parcel as a seven building office and warehouse complex. The subject matter and factual issues underlying the second variance request pertain to using the same 27 acre parcel for outside storage of equipment and inventory. The Board, therefore, did not err or abuse its discretion in concluding that neither res judicata nor collateral estoppel apply to Beaver Valley's second variance request or to its second validity challenge.

■ With respect to the second issue, "[t]he party seeking a variance bears the burden of proving (1) unnecessary hardship will result if the variance is denied, and (2) the proposed use will not be contrary to the public interest." *City of Pittsburgh v. Zoning Hearing Board of Adjustment*, 522 Pa. 44, 60, 559 A.2d 896, 903 (1989). Additionally, then-in-effect Section 912 of the MPC, 53 P.S. § 10912, provided, in pertinent part:

> The board shall hear requests for variances where it is alleged that the provisions of the [Ordinance] inflict unnecessary hardship upon the applicant. . . . The board may grant a variance provided the following findings are made where relevant in a given case:
>
> . . . .
>
> (4) That the variance, if authorized, would not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently

impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare....

█ The Board granted the first variance for use of the 27 acre parcel as a seven building office and warehouse complex, that is, a commercial complex. The second variance request, however, seeks to alter the approved commercial use in that it proposes to use the same 27 acre parcel as an outdoor storage yard. Beaver Valley's second variance request, if granted, will alter the essential characteristic of the district in which the 27 acre parcel is located, in contravention of Section 912(4) of the MPC, 53 P.S. § 10912(4). The Board, therefore, did not err or abuse its discretion in denying Beaver Valley's second variance request.

█ With respect to the third issue, this Court notes that a plain reading of what was then Section 1011(2) of the MPC clearly reveals that judicial relief in zoning matters is discretionary. In its November 16, 1992 order and opinion, Common Pleas, in its discretion, denied relief to Beaver Valley and this Court, constrained by our limited scope of review can not second guess Common Pleas.

█ With respect to the fourth issue,

[t]o determine whether a municipality has provided for fair share of a particular type of zoning, [this Court] must utilize the three-part analysis set forth in *Surrick v. Zoning Hearing Board of Upper Providence Township*, 476 Pa. 182, 382 A.2d 105 (1977). First, we must inquire 'whether the community in question is a logical area for development and population growth.' Second, we must examine the 'present level of development within the particular community.' Third, we must determine 'whether the challenged zoning scheme effected an exclusionary result or, alternatively, whether there was evidence of a "primary purpose" or exclusionary intent to zone out the natural growth of population.' *Id.*, 476 Pa. at 192, 382 A.2d at 110.

*East Marlborough Township v. Jensen*, 139 Pa.Commonwealth Ct. 297, 301, 590 A.2d 1321, 1323, *petition for allowance of appeal denied*, 529 Pa. 637, 600 A.2d 956 (1991). Moreover,

developers who challenge a zoning ordinance for failure to provide a fair share of land for commercial development "have the burden of proving that the ordinance de facto excludes commercial development." *Id.* at 301, 590 A.2d at 1323.

■ The Board denied Beaver Valley's first variance request, and Beaver Valley raised validity challenges with respect to the Ordinance. The Board dismissed the validity challenges and Common Pleas reversed the Board, holding that the Ordinance did, in fact, result in an unreasonable partial exclusion of Borough land for commercial and industrial purposes; Beaver Valley was permitted to build the seven building office and warehouse complex. Subsequently, in a second variance request, Beaver Valley sought to alter this approved commercial use and to use the same parcel as an outdoor storage facility. The Board denied this second variance request, and Beaver Valley lodged a second validity challenge identical in content to the substance of its successful first validity challenge. The Board dismissed this second validity challenge, and Common Pleas affirmed. Beaver Valley argues that because its first validity challenge was successful and because the Ordinance has not been changed pursuant to that, its second validity challenge should also be successful. Because the factual issues involved in the first validity challenge and the second validity challenge are different, as indicated by the respective underlying variance requests, collateral estoppel does not apply. Hence, the second validity challenge cannot be granted on the basis of Beaver Valley's "identical in content" argument. Consequently, Beaver Valley's fair share argument with respect to its second validity challenge is moot.

Accordingly, we affirm Common Pleas.

### ORDER

AND NOW, this 14th day of March, 1994, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.